The Honorable Terry Jones Prosecuting Attorney Fourth Judicial District Washington County Courthouse 280 North College, Suite 301 Fayetteville, AR 72701
Dear Mr. Jones:
I am writing in response to your request for an opinion on the following matter:
 What is the penalty, if any, for violation of the Arkansas State Fire Code when a City or County has not adopted such?
RESPONSE
In my opinion, the Arkansas Fire Prevention Code ("AFPC") has the force of state law and is enforceable regardless of whether a local government has adopted it by ordinance. Additionally, the State Fire Marshal, the Arkansas State Police, and enumerated local officials have state-mandated authority to enforce the AFPC. As a matter of state law, any failure to obey an order or instruction of an authorized fire official enforcing the AFPC is a Class A misdemeanor punishable by up to one year imprisonment as well as a fine not to exceed $1,000.00. The AFPC is enforceable by the State Fire Marshal through the Arkansas State Police or by a local official who is an ex officio deputy to the fire marshal under the Fire Prevention Act, A.C.A. §§ 12-13-101 through -116 (Repl. 2003).
When you refer to the Arkansas State Fire Code, I assume that you are referring to the Arkansas Fire Prevention Code as promulgated by the State Fire Marshal.
I have previously opined that the State Fire Prevention Code has the full force and effect of State law. See Op. Att'y Gen. 2003-198. In discussing the statewide effect and authority of the fire prevention code, I stated:
 The Fire Prevention Act (A.C.A. §§ 12-13-101 through -116) charges the Director of the Arkansas State Police/State Fire Marshal with the responsibility of promulgating and enforcing a fire prevention code. See A.C.A. §§ 12-13-105, -107. The 2002 Edition of the Arkansas Fire Prevention Code was promulgated under this authority and in compliance with the Arkansas Administrative Procedure Act (A.C.A. § 25-15-201
through -217). It went into effect on January 1, 2003. Because the 2002 Edition of the Fire Prevention Code was promulgated by the Director of the State Police/State Fire Marshal pursuant to authority granted by state law, it is my opinion that the fire prevention code has the force of state law. Moreover, cities are bound by the code and the other duties imposed by the Fire Prevention Act, which charges city officials with the duties and obligations imposed under the authority of the Fire Prevention Act. More specifically, A.C.A. § 12-13-108 states:
 All mayors, members of fire departments, and peace officers [defined as "every type of law enforcement officer commissioned and active within this state," see A.C.A. § 12-13-103(7)] shall be ex officio deputies to the Director of the Department of Arkansas State Police. They shall be subject to the duties and obligations imposed by this subchapter in fire prevention and in the investigation of the cause origin, and circumstances of fires within their jurisdiction.
A.C.A. § 12-13-108.
This provision makes clear that the currently effective fire code will be in effect and enforceable in all areas of the state, including all local political subdivisions. This conclusion is bolstered by the provisions of the 2002 Edition itself. Section 101.2.2 of the 2002 Edition states:
 Locally Adopted Codes. Each district, county or municipality of this state shall only adopt and enforce the provisions of the Arkansas Fire Prevention Code, 2002 Edition. Local jurisdictions may adopt rules and regulations that are more stringent than the AFPC but not less stringent.
 1. The State Fire Marshal shall cause each code to be reviewed, if other than the AFPC, 2002 Edition, and shall advise local jurisdictions of any requirement that is less stringent than the AFPC. It shall be the responsibility of the local authorities having jurisdiction to bring the proposed code up to the minimum standard of the AFPC.
AFPC, 2002 Ed., § 101.2.2.
Finally, Section 104.3.2 of the 2002 Edition states:
 (a) The State Fire Marshal's Office has statewide jurisdiction to inspect all places insofar as it is necessary for the enforcement of all law, ordinance and law, ordinances and lawful orders requiring any place to be safe from fire. The State Fire Marshal or their duly authorized representative shall be charged with the enforcement of this code as granted under the authority of Act 254 of 1955 as amended (A.C.A. §§ 12-13-101 through -116).
AFPC, 2002 Edition, § 104.3.2.
 All of the above-quoted provisions indicate that the 2002 Edition of the Fire Prevention Code has statewide effect and the force of state law. Accord, Op. Att'y Gen. No. 95-206.
Op. Att'y Gen. 2003-198 (footnote omitted). I have enclosed a copy of Op. Att'y Gen. 2003-198 for your convenience.
As noted above, A.C.A. § 12-13-108 states that certain local officials are ex officio deputies to the Director of the Arkansas State Police, as the State Fire Marshal. As ex officio deputies, the local officials are also empowered just, as are members of the Arkansas State Police, with the "power and authority of the State Fire Marshal[.]" A.C.A. §12-8-106(d). In my opinion, local officials may enforce the AFPC as mandated under A.C.A. § 12-13-108 through the authority granted by A.C.A. §§ 12-13-108 and 12-8-106(d).
In light of my conclusion that the Arkansas Fire Prevention Code is enforceable regardless of whether a city or county has adopted the AFPC by ordinance, a violation of the AFPC is punishable in a city or county that has not adopted the AFPC with the same severity as a violation of the AFPC in a city or county that has adopted the AFPC.
The 2002 edition of the AFPC, however, apparently inadvertently, does not specify the penalty for violations. See AFPC, 2002 Edition § 1093 (reciting a bracketed instruction to specify a penalty). Previously, the 1992 edition of the code specified that a violation of the AFPC was a misdemeanor. AFPC, 1992 Edition § 1-305(a). State law, however, specifies that a failure to comply with an instruction from the fire marshal to enforce the provisions of the AFPC is a misdemeanor.[1] In this regard, A.C.A. § 12-13-110(a) provides as follows:
 (a)(1) The Director of the Department of Arkansas State Police, his or her officers, or deputies, upon complaint of any person or on their own motion, may inspect all buildings and premises within their jurisdiction and issue orders for the compliance with the director's regulations.
 (2) Failure or refusal to comply with the instructions of the director in the enforcement of the regulations shall be a misdemeanor and punishable as such.
As noted above, members of the Arkansas State Police and specified local officials are specifically granted the "power and authority of the State Fire Marshal[.]" A.C.A. § 12-8-106(d) (Repl. 1999). Therefore, the State Police or a local official may enforce the provisions of the AFPC and a failure to comply with an order or instructions from such an official will be punishable as a misdemeanor. In my opinion, the State Fire Marshal and the State Police may thus mandate compliance with the AFPC under penalty of a misdemeanor.
A misdemeanor not otherwise specified in the code is a Class A misdemeanor. A.C.A. § 5-1-107(c) (Repl. 1997). A Class A misdemeanor is punishable by a fine of up to one thousand dollars ($1,000.00), A.C.A. §5-4-201(b)(1) (Repl. 1997), or imprisonment of up to one year, A.C.A. §5-4-101(b)(1) (Repl. 1997). Regardless, therefore, of whether a locality has adopted the 2002 edition by ordinance, any noncompliance with an order of a fire official in enforcement of the AFPC is punishable as a Class A misdemeanor by a fine of up to $1,000.00 as well as imprisonment not to exceed one year when enforced by the State Fire Marshal through the Arkansas State Police or by a local official vested with the authority of the Fire Marshal under A.C.A. § 12-8-106(d).
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh
[1] I note that Act 1994 of 2005 amended A.C.A. § 12-13-110(a)(2) to clarify that failure or refusal to comply with the Fire Marshal is a "Class A misdemeanor." Act 1994 of 2005 will become effective 90 days after the 85th General Assembly adjourned sine die. See Op. Att'y Gen.2005-110. The General Assembly adjourned on May 13, 2005 thus Act 1994 will be effective on August 12, 2005. Id. This does not change my remaining analysis.